IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALEX ARMSTRONG, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF WOODSTOCK, GEORGIA, )<br>)<br>  Defendant. ) | CIVIL ACTION NO.<br><br>_____ |

## **COMPLAINT**

Plaintiff ALEX ARMSTRONG ("PLAINTIFF") hereby states a claim for relief under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") for unpaid overtime compensation on the grounds stated below.

### *Jurisdiction and Venue*

1. The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because PLAINTIFF's claim for unpaid overtime arise under the laws of the United States, and 29 U.S.C. § 216(b) which allows actions arising under the FLSA to be maintained in any federal court of competent jurisdiction.

2. Under 28 U.S.C. § 1391(b), venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

## *The Parties*

3. At all relevant times, PLAINTIFF was a resident of Fairmount, Gordon County, Georgia.

4. At all relevant times, Defendant CITY OF WOODSTOCK, GEORGIA ("DEFENDANT"), is a city in Cherokee County, Georgia, in the Northern District of Georgia, Atlanta Division.

5. DEFENDANT is subject to the personal jurisdiction of this Court.

6. DEFENDANT can be served with legal process addressed to Mayor Donnie Henriques or City Manager Jeffrey S. Moon and served on the Woodstock City Clerk at 12453 Hwy 92, Woodstock, Georgia 30188.

## *Grounds for this Action*

7. PLAINTIFF is a former employee of DEFENDANT.

8. From on or about October 1, 2020 to on or about July 2, 2021, DEFENDANT employed PLAINTIFF as a Records Specialist and Terminal Agency Coordinator.

9. During PLAINTIFF's employment as a Records Specialist and Terminal Agency Coordinator, PLAINTIFF worked in DEFENDANT's Court and Records Department in the City Hall Annex, 12453 Hwy 92, Woodstock, GA 30188.

10. During PLAINTIFF's employment as a Records Specialist and Terminal Agency Coordinator, DEFENDANT paid PLAINTIFF an hourly rate of $17.89.

11. PLAINTIFF's primary job duties as a Records Specialist and Terminal Agency Coordinator included answering calls, keeping officers up to date regarding training, processing background checks, processing evidence that was returned to owners, processing impound sheets for owners of vehicles, responding to inquiries from courts and citizens, taking payments for citations,

12. DEFENDANT classified PLAINTIFF's position as Records Specialist and Terminal Agency Coordinator as non-exempt for purposes of overtime compensation under the FLSA.

13. PLAINTIFF's primary job duties as a Records Specialist and Terminal Agency Coordinator did not involve the exercise of independent judgment.

14. During PLAINTIFF's employment as a Records Specialist and Terminal Agency Coordinator, PLAINTIFF worked from 8:00 a.m. to 5:00 p.m., Monday through Friday.

15. Throughout PLAINTIFF's employment as a Records Specialist and Terminal Agency Coordinator, DEFENDANT deducted one hour for lunch each day from PLAINTIFF's total hours worked in a workweek.

16. Throughout PLAINTIFF's employment as a Records Specialist and Terminal Agency Coordinator, the office in DEFENDANT's Court and Records Department in which PLAINTIFF worked never closed for lunch because DEFENDANT considered its Court and Records Department a vital service.

17. During PLAINTIFF's employment as a Records Specialist and Terminal Agency Coordinator, DEFENDANT had no set time for PLAINTIFF to take any lunch break.

18. DEFENDANT had no break room where PLAINTIFF could eat lunch.

19. During PLAINTIFF's employment as a Records Specialist and Terminal Agency Coordinator, PLAINTIFF worked through lunch almost all of the time.

20. During PLAINTIFF's employment as a Records Specialist and Terminal Agency Coordinator, PLAINTIFF estimates leaving the office during scheduled work hours approximately six times or less for approximately 15 to 20 minutes to pick up lunch for co-workers.

21. On all the other days during PLAINTIFF's employment as a Records Specialist and Terminal Agency Coordinator, PLAINTIFF ate lunch at his desk while working.

22. Throughout PLAINTIFF's employment as a Records Specialist and Terminal Agency Coordinator, PLAINTIFF's supervisor—Jennifer Cook, the Court Administrator—was aware that PLAINTIFF worked through lunch because Ms. Cook observed PLAINTIFF working through lunch at his desk.

23. PLAINTIFF and co-workers complained to their supervisor, Jennifer Cook, about DEFENDANT's practice of deducting one hour for lunch every day even though they worked through lunch.

24. Despite the complaints of PLAINTIFF and co-workers, DEFENDANT never changed its practice of deducting one hour for lunch every day even though employees worked through lunch.

25. At various times while DEFENDANT employed PLAINTIFF as a Records Specialist and Terminal Agency Coordinator, PLAINTIFF worked more than 40 hours in a workweek.

26. During PLAINTIFF's employment as a Records Specialist and Terminal Agency Coordinator, DEFENDANT did not pay PLAINTIFF all the overtime compensation properly due for work performed in excess of 40 hours in a workweek.

27. During PLAINTIFF's employment as a Records Specialist and Terminal Agency Coordinator, DEFENDANT and DEFENDANT's management were aware of the extra hours PLAINTIFF worked in excess of 40 hours in a workweek.

28. At all times during PLAINTIFF's employment as a Records Specialist and Terminal Agency Coordinator, DEFENDANT was a "public agency" within the meaning of 29 U.S.C. § 203(x).

29. At all times during PLAINTIFF's employment as a Records Specialist and Terminal Agency Coordinator, DEFENDANT was an "employer" within the meaning of 29 U.S.C. § 203(d).

30. At all times during PLAINTIFF's employment as a Records Specialist and Terminal Agency Coordinator, PLAINTIFF was an "employee" of DEFENDANT within the meaning of 29 U.S.C. § 203(e)(2)(C).

31. At all times during PLAINTIFF's employment, as a Records Specialist and Terminal Agency Coordinator PLAINTIFF was covered by 29 U.S.C. § 207(a).

32. At all times during PLAINTIFF's employment as a Records Specialist and Terminal Agency Coordinator, DEFENDANT was not exempt from the overtime obligations for an "employer" under the FLSA.

### *Count 1*
**29 U.S.C. § 207(a)**
**(*Unpaid Overtime Compensation*)**

33. PLAINTIFF re-alleges and adopts Paragraphs 1-32 above and incorporates them by reference herein.

34. By engaging in the conduct alleged above in Paragraphs 19-27, DEFENDANT violated the FLSA with respect to PLAINTIFF by not paying

all the overtime compensation properly due for all hours worked in excess of 40 hours in a workweek, all in violation of 29 U.S.C. §§ 207(a), 216.

35. By engaging in the conduct alleged above in Paragraphs 19-27, DEFENDANT willfully—*i.e.*, voluntarily, deliberately, intentionally, and with reckless disregard—violated the FLSA with respect to PLAINTIFF, all in violation of 29 U.S.C. § 255.

36. As a direct and proximate result of DEFENDANT's conduct alleged above in Paragraphs 19-27, PLAINTIFF was not paid all overtime compensation properly due as required by the FLSA.

37. DEFENDANT's conduct giving rise to this action was not in good faith and not based on any reasonable grounds for believing such conduct did not violate the FLSA.

38. As a direct and proximate result of DEFENDANT's conduct alleged above in Paragraphs 19-27, PLAINTIFF is entitled to recover unpaid overtime compensation and an additional equal amount as liquidated damages, post-judgment interest, in addition to reasonable attorney's fees and costs of this action, all through the date of entry of a final non-appealable judgment, pursuant to 29 U.S.C. § 216(b), and all in an amount to be determined as specified by law.

## *<u>PRAYER FOR RELIEF</u>*

WHEREFORE, plaintiff ALEX ARMSTRONG respectfully prays that this Court enter judgment in his favor and against DEFENDANT for:

A.     All amounts of unpaid overtime compensation that PLAINTIFF would have received but for DEFENDANT's unlawful conduct, pursuant to 29 U.S.C. § 216(b).

B.     An additional equal amount of all unpaid overtime compensation as liquidated damages, pursuant to 29 U.S.C. § 216(b).

C.     All reasonable attorney's fees and costs of the action through entry of a final non-appealable judgment, pursuant to the FLSA, including all reasonable attorney's fees and costs for:

(1)     the time spent plus costs reasonably incurred throughout this action relating to the claims of PLAINTIFF under the FLSA;

(2)     The time spent litigating both the entitlement to and amount of attorney's fees and costs incurred throughout this action plus costs of investigation and litigation reasonably incurred relating to the claims of PLAINTIFF under the FLSA, whether in connection with any settlement, compromise, any accepted offer of judgment under Fed. R. Civ. P. 68, or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58;

(3)     The time spent litigating the fairness and reasonableness of any settlement, compromise, or accepted offer of judgment under Fed. R.

Civ. P. 68, or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58, pursuant to and as required by *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982), and

(4) The time spent explaining to PLAINITFF any settlement, compromise, or accepted offer of judgment under Fed. R. Civ. P. 68, or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58.

D. Post-judgment interest on all amounts awarded pursuant to the FLSA, including lost compensation, liquidated damages, and litigation expenses including attorney's fees, costs, and costs of investigation and litigation of this action, as authorized by law.

E. All such other and further relief as may be deemed just and proper.

## DEMAND FOR JURY TRIAL

**Plaintiff demands a jury trial on all issues triable of right by a jury.**

Respectfully submitted,

*/s/ Marc Garber*
ALAN H. GARBER
Georgia Bar No. 283840
ahgarber@garberlaw.net
MARC N. GARBER
Georgia Bar No. 283847
mngarber@garberlaw.net
THE GARBER LAW FIRM, PC
4994 Lower Roswell Rd Ste 14
Marietta, GA 30068-5648
(678) 560-6685

(678) 560-5067 (facsimile)

***Attorneys for the Plaintiff***